Andrew **DYMYTRYSHYN** et al.,
Plaintiffs,

v.

P. A. **ESPERDY**, District Director of the New York District of the Immigration and Naturalization Service at New York, N. Y., Defendant.

No. 66 Civ. 2375.

United States District Court
S. D. New York.

June 12, 1968.

See also, D.C., 285 F.Supp. 507.

John J. Abt and Ira Gollobin, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendant; Francis J. Lyons, Special Asst. U. S. Atty., Southern District of New York, of counsel.

METZNER, District Judge:

This matter was argued before a statutory three-judge court whose opinion on the constitutional issues raised has been filed simultaneously with this opinion. That court reserved the disposition of the nonconstitutional issue for the single judge before whom the original application for a statutory court had been made.

The question presented is whether the reporting and travel notice requirements of the supervision orders are reasonably related to the availability of the plaintiffs for deportation. United States v.

Witkovich, 353 U.S. 194, 77 S.Ct. 779, 1 L.Ed.2d 765 (1957).

The pertinent information regarding each plaintiff is as follows:

|  | Year Admitted | Age at Admission | Order of Deportation | Order of Supervision | Present Age |
|---|---|---|---|---|---|
| Dymytryshyn | 1915 | 23 | 1951 | 1952 | 76 |
| Bittelman | 1912 | 22 | 1952 | 1957 | 78 |
| Tormey | 1914 | 8 | 1952 | 1953 | 62 |
| Lightcap | 1913 | 10 | 1951 | 1952 | 65 |
| Scherer | 1913 | 13 | 1958 | 1959 | 68 |
| Kusman | 1939 | 30 | 1953 | 1954 | 59 |

On the argument before this court of the motions for summary judgment, inquiry was made of the defendant as to whether modifications could not be made in the existing orders of supervision. As a result, the orders were amended to provide that a plaintiff shall not travel outside New York, New Jersey and Connecticut for a period in excess of 72 hours without notifying the Immigration Service within 72 hours after the journey commences of the dates and places of proposed travel. Each plaintiff need report personally only once each year .

Plaintiffs have advised the court that the orders of supervision as amended are not satisfactory and they press their motions for summary judgment.

§ 242(d) of the Immigration and Nationality Act (8 U.S.C. § 1252(d)), as amended, provides that an alien, subject to a final order of deportation unexecuted for more than six months, shall be subject to supervision under regulations prescribed by the Attorney General. The statute specifically refers to the inclusion in the regulations of provisions for reporting to the Immigration Service and for reasonable written restrictions on the alien's conduct or activities.

■■■ Although the Service has not been able to effect deportation for a long period of time, and there does not appear to be any reasonable chance in the foreseeable future, this of itself cannot void the orders of supervision. The statutory duty to deport still exists and the defendant must be in a position to comply with the mandate when and if the opportunity presents itself. On the other hand, since a lifetime of surveillance may be the prospect in these cases, the orders of supervision must be carefully reviewed. Barton v. Sentner, 353 U.S. 963, 77 S.Ct. 1047, 1 L.Ed.2d 901 (1957); United States v. Witkovich, supra.

■■ The provision for personal reporting once a year is not a burdensome or unreasonable requirement. Complete freedom of travel by the aliens without reporting is permitted within the state of residence, New York, and the two adjoining states of New Jersey and Connecticut. It is only when travel of more than 72 hours' duration is intended outside this area that reporting is necessary, and then only within 72 hours after commencing such travel. Thus plaintiffs may respond to emergent situations without fear of violating orders. On the other hand, long trips require time to return to New York and time for adequate notice to report to the Service must be made. The orders of supervision are reasonable.

The plaintiffs' motion for summary judgment is denied. Judgment shall be entered dismissing plaintiffs' complaint in its entirety. Settle order containing the terms of the supervision orders as modified after argument.

So ordered.